UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENNIS PATRICK HUGHES, JR.,

        Plaintiff,

  v.

MILWAUKEE COUNTY, MILWAUKEE COUNTY BOARD,
MILWAUKEE COUNTY SHERIFF'S DEPARTMENT,
CHRISTOPHER S. ABELE, THEODORE LIPSCOMB,
UNKNOWN MILWAUKEE COUNTY BOARD
SERGEANT AT ARMS, EARNELL LUCAS,
JEFFREY M. KIHSLINGER, DONNIE J. RUTTER,
RANDAL T. TAKACS, ERIC BASHIRIAN,
DAVID SWEET, SCOTT MANSKE, and DAVID BOROWSKI,

        Defendants.

Case No. 22-cv-683-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS (DKT. NO. 3)**

---

On June 13, 2022, the plaintiff, representing himself, filed a complaint alleging that the defendants "conspired and acted under color of state law to deprive the Plaintiff of his rights under the 1st Amendment, 4th Amendment, 8th Amendment, and 14th Amendment." Dkt. No. 1 at ¶17. On October 14, 2022, the court received from the plaintiff a Motion for Extension of Time to Serve Defendants, stating that "summons were issued but have not been served upon Defendants due to inadvertence and the difficulty finding a professional process server without an existing conflict of interest due to the professions of the Defendants." Dkt. No. 3 at 1.

1

"After commencing a federal suit, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it." Cardenas v. City of Chi., 646 F.3d 1001, 1004 (7th Cir. 2011) (citing Federal Rule of Civil Procedure 4(b), (c)(1)). Rule 4 requires a plaintiff to serve the defendants "within 90 days after the complaint is filed . . . ." Fed. R. Civ. P. 4(m). The plaintiff filed his motion for an extension of time to serve the defendants on October 14, 2022, 123 days after he filed his complaint. If a plaintiff does not serve the summons and complaint upon the defendants within the ninety-day period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant *or order that service be made within a specified time.*" Fed. R. Civ. P. 4(m) (emphasis added). See also Civil Local Rule 41(a) (E.D. Wis.). "As the text of the rule indicates, the decision of whether to dismiss or extend the period for service is inherently discretionary . . . ." Cardenas, 646 F.3d at 1005 (citations omitted). "But if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added).

In deciding whether to grant an extension of time for service of process, courts typically consider the following non-exhaustive list of factors:

> whether the defendant's ability to defend would be harmed by an extension; whether the defendant received actual notice; whether the statute of limitations would prevent refiling of the action; whether the defendant evaded service; whether the defendant admitted liability; whether dismissal will result in a windfall to a defendant; whether the plaintiff eventually effected service; whether the plaintiff ever requested an extension from the court due to

2

> difficulties in perfecting service; and whether the plaintiff diligently pursued service during the allotted period.

Jones v. Ramos, 12 F.4th 745, 749 (7th Cir. 2021) (citing Cardenas, 646 F.3d at 1006–07). "Even if the balance of hardships appears to favor an extension, the district court retain[s] its discretion to hold the Plaintiffs accountable for their actions—or, more accurately, inaction—by dismissing the case." Id. (alteration in original) (quoting Cardenas, 646 F.3d at 1007).

The plaintiff asserts that his failure to timely serve the defendants was caused by "inadvertence and the difficulty finding a professional process server without an existing conflict of interest due to the professions of the Defendants." Dkt. No. 3 at 1. The plaintiff does not provide any further explanation. The plaintiff cites Fed. R. Civ. P. 60(b)(1)(B), which states that in seeking an extension of time *after* a deadline has passed, the party must show that "the party failed to act because of excusable neglect." Id. "To find 'excusable neglect,' courts should consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay, and reason for delay." Bowman v. Korte, 962 F.3d 995, 998 (7th Cir. 2020) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)). "[P]lain neglect is not 'excusable neglect' as Rule 6(b)(1)(B) requires." Id. (citations omitted).

Regarding process servers, Rule 4 provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). See Sikhs for Justice v. Badal, 736 F.3d 743, 746 (7th Cir. 2013) (stating that "now anyone who is at least 18 years old can" serve process

3

in federal cases). The plaintiff's assertion that he has had "difficulty finding a professional process server without an existing conflict of interest due to the professions of the Defendants" does not constitute excusable neglect or good cause. And the plaintiff has not explained the "inadvertence" that has delayed his service of process. The plaintiff did not request an extension of time to effect service of process until thirty-three days after the Rule 4(m) ninety-day deadline had passed, and provided no explanation for that delay.

The court is not convinced that the plaintiff's explanations constitute "good cause" or "excusable neglect." But the court has the discretion to dismiss without prejudice *or* "order that service be made within a specified time." See Fed. R. Civ. P. 4(m). The court will choose the latter option and grant the plaintiff an extension of time. The Seventh Circuit has agreed that Rule 4(m) "was not meant to be enforced harshly or inflexibly" and "that Congress 'intended Rule [4(m)] to be a useful tool for docket management, not an instrument of oppression.'" Floyd v. United States, 900 F.2d 1045, 1049 (7th Cir. 1990) (quoting United States v. Ayer, 857 F.2d 881, 885–86 (1st Cir. 1988)). See also Barmes v. Nolan, 123 F. App'x 238, 239 (7th Cir. 2005) ("As *pro se* litigants the [plaintiffs] were entitled to at least some notice of the consequences of failing to follow Rule 4's requirements."). The court advises the plaintiff that if he seeks another extension of time, he must explain in detail why he has not been able to effect service and must provide good cause for the court to grant the extension.

4

The court **GRANTS** the plaintiff's motion for an extension of time to serve the defendants. Dkt. No. 3. The plaintiff must file proof of service with the court in time for the court to *receive* it by the end of the day on **December 9, 2022**. If the court does not receive proof of service for each defendant, or another motion for an extension of time to serve, by the end of the day on December 9, 2022, the court will dismiss this case without prejudice without further notice or hearing.

Dated in Milwaukee, Wisconsin this 4th day of November, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**