UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENNIS PATRICK HUGHES, JR.,

        Plaintiff,

  v.                                    Case No. 22-cv-683-pp

MILWAUKEE COUNTY, MILWAUKEE COUNTY BOARD,
MILWAUKEE COUNTY SHERIFF'S DEPARTMENT,
CHRISTOPHER S. ABELE, THEODORE LIPSCOMB,
UNKNOWN MILWAUKEE COUNTY BOARD
SERGEANT AT ARMS, EARNELL LUCAS,
JEFFREY M. KIHSLINGER, DONNIE J. RUTTER,
RANDAL T. TAKACS, ERIC BASHIRIAN,
DAVID SWEET, SCOTT MANSKE and DAVID BOROWSKI,

        Defendants.

---

**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO SERVE DEFENDANTS**

---

        On June 13, 2022, the plaintiff, representing himself, filed a complaint alleging that the defendants "conspired and acted under color of state law to deprive the Plaintiff of his rights under the 1st Amendment, 4th Amendment, 8th Amendment, and 14th Amendment." Dkt. No. 1 at ¶17. On October 14, 2022—123 days later—the plaintiff filed a Motion for Extension of Time to Serve Defendants, stating that "summons were issued but have not been served upon Defendants due to inadvertence and the difficulty finding a professional process server without an existing conflict of interest due to the professions of the Defendants." Dkt. No. 3 at 1.

1

On November 4, 2022, the court granted the plaintiff an extension of time to serve the defendants and ordered that the plaintiff must file proof of service with the court by the end of the day on December 9, 2022. Dkt. No. 4. The court informed the plaintiff that Federal Rule of Civil Procedure 4 states that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Id. at 3 (quoting Fed. R. Civ. P. 4(c)(2)). The court explained that the plaintiff's assertion that he has had "difficulty finding a professional process server without an existing conflict of interest due to the professions of the Defendants" did not constitute excusable neglect or good cause for failing to serve the defendants. Id. at 4. The court stated that if it did not receive proof of service for each defendant (or another motion for an extension of time to serve) by the December 9 deadline, the court would dismiss the case without prejudice and without further notice or hearing. Id. at 5.

The December 9, 2022 deadline has long passed, and the court has not received either proof of service or a request for another extension of time. "After commencing a federal suit, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it." Cardenas v. City of Chi., 646 F.3d 1001, 1004 (7th Cir. 2011) (citing Fed. R. Civ. P. 4(b), (c)(1)). Rule 4 requires a plaintiff to serve the defendants "within 90 days after the complaint is filed . . . ." Fed. R. Civ. P. 4(m). If a plaintiff does not serve the summons and complaint upon the defendants within the ninety-day period, "the court—on motion or on its own after notice to the plaintiff—must dismiss

2

the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). <u>See also</u> Civil Local Rule 41(a) (E.D. Wis.). "As the text of the rule indicates, the decision of whether to dismiss or extend the period for service is inherently discretionary . . . ." <u>Cardenas</u>, 646 F.3d at 1005 (citations omitted). The court already has granted the plaintiff one, requested, extension of time; the court informed the plaintiff at that time that failure to serve by the new deadline would result in dismissal.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to serve the defendants. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 27th day of December, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**